# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CURT C. HARTMAN,** | : Case No. 1:20-CV-163 |
| and | : Judge _____ |
| **HARTMAN CAMPAIGN COMMITTEE** | : |
| **fka KEEP JUDGE HARTMAN COMMITTEE,** | : |
| Plaintiffs, | : COMPLAINT |
| v. | : |
| **MAUREEN O'CONNOR,** | : |
| and | : |
| **JOSEPH M. CALIGIURI,** | : |
| and | : |
| **RICHARD A. DOVE,** | : |
| Defendants. | : |

CURT C. HARTMAN and HARTMAN CAMPAIGN COMMITTEE, for their *Complaint*, allege as follows:

## NATURE OF ACTION

1. This is an action to vindicate core First Amendment rights of free speech and freedom of association, all of which are being infringed by overly broad and burdensome provisions of the Ohio Code of Judicial Conduct that regulate the exercise of fundamental constitutional rights by *judicial candidates in the State of Ohio who are not presently sitting as a member of the judiciary in the State of Ohio, as well as the campaign committees supporting the election efforts of such judicial candidates*.

2. This is also an action to vindicate core First Amendment rights of free speech and freedom of association, as well as freedom of the press, all of which are being infringed by provisions of the Ohio Code of Judicial Conduct as applied specifically to the core political speech of CURT C. HARTMAN and HARTMAN CAMPAIGN COMMITTEE

3. This action seeks declaratory judgment and injunctive relief arising under the First and Fourteenth Amendments to the United States Constitution. This action challenges the constitutionality of the following:

   a. Rule 4.3(D) of the Ohio Code of Judicial Conduct which compels the content of core political speech in campaign literature relating to the nomination or election of a candidate to judicial office, through the compelled use of the terms "elect" or "for" and then further compelling the size in which such terms must be displayed or used.

   b. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct which broadly, though with vague and undefined concepts, prohibits a judicial candidate from making any substantive comment on any case pending on the docket of any judge.

*Jurisdiction and Venue*

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57 to secure declaratory relief; under 28 U.S.C. § 2202 and Fed R. Civ. 65 to secure preliminary and permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorney fees and costs.

5. Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1, as all of the claims asserted by Plaintiffs arose within this judicial district and division.

*Parties*

6. Plaintiff CURT C. HARTMAN is a citizen of the State of Ohio.

7. Plaintiff HARTMAN CAMPAIGN COMMITTEE is a campaign committee registered with the Hamilton County Board of Elections to receive contributions and to make expenditures on behalf of CURT C. HARTMAN in support of his campaign for election in 2020 as a judge on the Hamilton County Court of Common Pleas, and for future judicial campaigns of CURT C. HARTMAN.

8. HARTMAN CAMPAIGN COMMITTEE is formerly known as KEEP JUDGE HARTMAN COMMITTEE.

9. The Defendants herein have various roles and responsibilities relating to the adoption and enforcement of the Ohio Code of Judicial Conduct.

10. Defendant MAUREEN O'CONNOR is the Chief Justice of the Ohio Supreme Court.

11. Defendant JOSEPH M. CALIGIURI the Disciplinary Counsel of the Ohio Supreme Court.

12. Defendant RICHARD A. DOVE is the Director to the Board of Professional Conduct of the Ohio Supreme Court (the body responsible for enforcement of the Code of Judicial Conduct as it relates to judicial campaigns).

13. Based upon the position of the Defendants in other lawsuits challenging provisions of the Ohio Code of Judicial Conduct, the Defendants herein are sufficient and adequate in order

for the Court to afford complete relief sought herein, including declaratory judgment and prospective injunctive relief.

14. Defendants, acting under color of law in adopting, promulgating, enforcing or threatening to enforce the provisions of the Ohio Code of Judicial Conduct at issue herein have violated and threaten to violate the rights secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, including the right to free speech, the right of association, freedom of the press, the right to due process of law, and the right to equal protection of the law.

15. Plaintiffs, as well as all other judicial candidates in the State of Ohio, face immediate and irreparable harm and injury to the full exercise of their constitutional rights due to the direct restriction and impact of the provisions of the Ohio Code of Judicial Conduct at issue herein.

*Factual Allegations and Associated Rules*

16. In the State of Ohio, the judges of the supreme court, courts of appeals, courts of common pleas and all courts of record (which include municipal courts) are selected through a process of judicial elections. *See* Ohio Const., art. IV, sec. 6(B). Candidates for judges of the supreme court, courts of appeals and the courts of common pleas are nominated by political parties through a primary election.

17. Political conduct of judicial candidates, regardless of whether such candidate is currently sitting as a member of the judiciary of the State of Ohio or whether such a candidate simply aspires to become a member of the judiciary of the State of Ohio, is governed by Canon 4 of the Ohio Code of Judicial Conduct and the associated Rules therein.

18. CURT C. HARTMAN is an attorney duly licensed in the State of Ohio, having been admitted to the bar in 1994.

19. CURT C. HARTMAN is not presently sitting as a member of the judiciary in the State of Ohio.

20. CURT C. HARTMAN desires to seek election to a judicial office, including seeking election to a judicial office in 2020 or, if not successful during that year, at some subsequent judicial election.

21. Presently, CURT C. HARTMAN is seeking to be elected as a judge to the Hamilton County Common Pleas Court.

22. Pursuant to Rule 4.6(F) of the Ohio Code of Judicial Conduct, a "judicial candidate" means "a person who has made a public announcement of candidacy for judicial office, declared or filed as a candidate for judicial office with the election authority, or authorized the solicitation or receipt of contributions or support for judicial office, whichever occurred first."

23. As HARTMAN CAMPAIGN COMMITTEE has filed with an election authority in support of the election of CURT C. HARTMAN as a judge on the Hamilton County Court of Common Pleas, CURT C. HARTMAN is considered to be a "judicial candidate" and, thus, CURT C. HARTMAN and HARTMAN CAMPAIGN COMMITTEE are subject to the restrictions and prohibitions in Canon 4 of the Ohio Code of Judicial Conduct and the associated Rules therein, including the specific Rules at issue herein.

24. Additionally and alternatively, CURT C. HARTMAN has made a public announcement of his candidacy for election in 2020 to the Hamilton County Court of Common Pleas and, in particular, that he is seeking the Republican Party nomination at the primary election to be held in March 2020 for a seat on the Hamilton County Court of Common Pleas.

25. As CURT C. HARTMAN has made a public announcement of his candidacy for election to the Hamilton County Court of Common Pleas, CURT C. HARTMAN is considered to

be a "judicial candidate" and, thus, CURT C. HARTMAN and HARTMAN CAMPAIGN COMMITTEE are subject to the restrictions and prohibitions in Canon 4 of the Ohio Code of Judicial Conduct and the associated Rules therein, including the specific Rules at issue herein.

### Rule 4.3(D) of the Ohio Code of Judicial Conduct
### Compelled content of core political speech in campaign literature

26. Rule 4.3(D) of the Ohio Code of Judicial Conduct provides:

> During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials, including sample ballots, advertisements on radio or television or in a newspaper or periodical, electronic communications, a public speech, press release, or otherwise, shall not *knowingly* or with reckless disregard do any of the following:
> …
> (D) Use the term "judge" when the judicial candidate is not a judge unless that term appears after or below the name of the judicial candidate and is accompanied by either or both of the following:
> > (1) The words "elect" or "vote," in *prominent lettering*, before the judicial candidate's name;
> > (2) The word "for," in *prominent lettering*, between the name of the judicial candidate and the term "judge;"

27. In turn, Rule 4.6(N) of the Ohio Code of Judicial Conduct specifically defines "prominent lettering" to mean "not less than the size of the largest type used to display the title of office or the court to which the judicial candidate seeks election."

28. Rule 4.3(D) of the Ohio Code of Judicial Conduct is applicable to the core political speech of CURT C. HARTMAN and HARTMAN CAMPAIGN COMMITTEE in their present campaign for the election of CURT C. HARTMAN to the Hamilton County Common Plea Court, as well as any future campaigns if the present campaign is unsuccessful.

29. In political campaigns, the key information sought to be communicated to the voters via campaign literature, including yard signs, is, first and foremost, the candidate's name.

30. In political campaigns, the second key information sought to be communicated to the voters via campaign literature, including yard signs, is the office to which the candidate is seeking election.

31. In political campaigns, the use of the words "elect", "vote" or "for" in campaign literature, including yard signs, is not a significant priority and, thus, the size of such words is minimized in comparison to both the name of the candidate and the office being sought

32. Thus, any information on campaign literature and yard signs other than the candidate's name and the office being sought is minimized so as to not interfere with the content of the key message being communicated, *i.e.*, the candidate's name and the office being sought.

33. In fact, one company selling campaign yards signs announces on its website (http://www.yardsigns.org/campyardsigns.html) that "[a] successful Campaign Yard Sign will clearly display your Name and the Office you are running for… If a person cannot read your last name and the office you are running for at 30 yards away, you will waste a lot of funds on yard signs."

34. Thus, campaign signs are designed to communicate the message of campaign committees so as to promote and emphasize the name of their respective candidate and the office being sought.

35. Throughout the campaign efforts of CURT C. HARTMAN to seek election to the Hamilton County Common Pleas Court in 2020, HARTMAN CAMPAIGN COMMITTEE has and desires to publish and disseminate campaign literature which incorporates the term "judge" in advocating the election of CURT C. HARTMAN.

36. In preparation for the campaign, CURT C. HARTMAN sought clarification from RICHARD DOVE as to the meaning of "largest type" as that phrase is used in the definition of

7

"prominent letter" contained in Rule 4.6(N). Specifically, CURT C. HARTMAN sought clarification of whether "largest type" means the same "font size" or means the same inches in term of height. For example, the phrase "for JUDGE" is all in font size 12, but "for" is in Courier New Italics font, and "HARTMAN" is in Times New Roman:

`for` JUDGE

37. In search of guidance as to the requirement of Rule 4.3(D) and Rule 4.6(N), CURT C. HARTMAN sent the following email on January 7, 2020, to RICHARD DOVE and Allan Asbury (both with the Board of Professional Conduct):

> **From:** hartmanlawfirm@fuse.net <hartmanlawfirm@fuse.net>
> **Sent:** Tuesday, January 7, 2020 11:26 AM
> **To:** Dove, Rick <Rick.Dove@bpc.ohio.gov>; Asbury, Allan <Allan.Asbury@bpc.ohio.gov>
> **Subject:** Judicial Candidate Question
>
> Rick and Allan -
>   Another Judicial Code question, the Code compels a non-sitting judicial candidate to use the words "for" or "elect" and then requires such terms be in "prominent lettering" which is defined to mean "not less than the size of the largest type used to display the title of office or the court to which the judicial candidate seeks election." Trying to ascertain what is meant by "size of the largest type" -- same font size, same inches in terms of height, …. I ask because, depending upon the font used, the same font size (for example, 12 pt) may not be precisely the same from one font to another font.
>
> Thanks,
> Curt

38. In response to the direct inquiry from CURT C. HARTMAN, RICHARD DOVE was unable to provide any clarity beyond referring back to the language of Rule 4.6(N):

8

**RE: Judicial Candidate Question**

**From:** Rick Dove <Rick.Dove@bpc.ohio.gov>  Tue, Jan 07, 2020 12:25 PM
**Subject:** RE: Judicial Candidate Question  1 attachment
**To:** hartmanlawfirm@fuse.net, Allan Asbury <Allan.Asbury@bpc.ohio.gov>

Curt,

We have no guidance on this point beyond the plain language of the Rule 4.6 definition of "prominent lettering."



Richard A. Dove, Esq. | Director
Ohio Board of Professional Conduct
614.387.9370
www.bpc.ohio.gov

39. In light of his position with the Ohio Supreme Court, RICHARD DOVE should be a person who could readily explain the requirements of the Ohio Code of Judicial Conduct.

40. But as RICHARD DOVE he could not provide a more definite statement on the standard of what constitutes "prominent lettering", a person of ordinary intelligence would be unable to know what is required versus what is prohibited.

41. Thus, without any guidance beyond the invocation of RICHARD DOVE of the "plain language" of Rule 4.6(N), HARTMAN CAMPAIGN COMMITTEE has published and disseminated communications in the following style (attempting to keep, at a minimum, with the spirit of the requirements of Rule 4.3(D)):



9

42. Recently, a representative of the campaign of the opponent of CURT C. HARTMAN complained that the word "for" in the yard signs, website, and other communications in the above style published by the HARTMAN CAMPAIGN COMMITTEE was not of the same size as "judge" and intimated that a formal complaint to RICHARD DOVE and the Board of Professional Conduct would be forthcoming regarding the size of the word "for" used by the HARTMAN CAMPAIGN COMMITTEE.

43. Within the literature published and distributed by the HARTMAN CAMPAIGN COMMITTEE, the word "for" appears in lowercase with the font style of Cambria Italic, while the word "JUDGE" appears in uppercase with the font style of Ariel Black, though both having the same font size.

44. In light of the real and imminent threat of a grievance being failed against CURT C. HARTMAN and the HARTMAN CAMPAIGN COMMITTEE for the size and style of the use of the term "for" in campaign literature, CURT C. HARTMAN faces the real and imminent threat of being subject to an enforcement proceeding by RICHARD DOVE and the Board of Professional Conduct based upon a vague and ambiguous regulation (which even RICHARD DOVE could not even provide a clear and concise explanation on what was permitted).

45. But for the mandate imposed by Rule 4.3(D) of the Ohio Code of Judicial Conduct, HARTMAN CAMPAIGN COMMITTEE would not have published in its campaign literature the word "for" as large as it has done in comparison to the word "Judge" but, instead, would have published the word "for" noticeably smaller in comparison to the word "Judge".

46. HARTMAN CAMPAIGN COMMITTEE desires to publish additional pieces of campaign literature and in so doing to publish the word "for" noticeably smaller in comparison to the word "Judge", but, if the HARTMAN CAMPAIGN COMMITTEE were to do so, then CURT

10

C. HARTMAN would face the real and imminent prospect of a complaint being filed with RICHARD DOVE or other responsible person at the Ohio Supreme Court by a representative of the campaign of the opponent of CURT C. HARTMAN or by others.

47. HARTMAN CAMPAIGN COMMITTEE desires to publish additional pieces of campaign literature and in so doing not use the compelled word "for" in direct association with "Judge", but, if the HARTMAN CAMPAIGN COMMITTEE were to do so, then CURT C. HARTMAN would face the real and imminent prospect of a complaint being filed with RICHARD DOVE or other responsible person at the Ohio Supreme Court by a representative of the campaign of the opponent of CURT C. HARTMAN or by others.

48. Thus, HARTMAN CAMPAIGN COMMITTEE has not and will not published campaign literature with the word "for" noticeably smaller in comparison to the word "Judge" or otherwise not use the compelled word "for".

49. Rule 4.3(D) of the Ohio Code of Judicial Conduct unconstitutionally compels the content of core political speech, both in terms of the words required to be used and the size in which such words must be communicated in comparison to other words.

50. Rule 4.3(D) of the Ohio Code of Judicial Conduct is unconstitutionally vague as it fails to apprize a person of ordinary intelligence the ability to know what is and is not prohibited.

### Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct
### Prohibiting comments on cases pending before the docket of any judge

51. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct provides:

(A) A judge or judicial candidate shall not do any of the following

. . .

(5) Comment on any substantive matter relating to a specific case pending on the docket of any judge.

11

52. By its express and all-encompassing terms, Rule 4.1(A)(5) prohibits comments by judicial candidates on any pending case, regardless of the jurisdiction where the case is pending or the nature of the issue involved.

53. By its express and all-encompassing terms, Rule 4.1(A)(5) prohibits comments by judicial candidates on cases of public interest, including cases pending before the United States Supreme Court.

54. By its express and all-encompassing terms, Rule 4.1(A)(5) prohibits comments by judicial candidates who are practicing attorneys concerning cases in which they are serving as legal counsel on behalf of their clients, while opposing counsel are free to comment on the case.

55. In search of guidance as to the requirement of Rule 4.1(A)(5), CURT C. HARTMAN sent the following email on December 18, 2019, to RICHARD DOVE:

```
From: hartmanlawfirm@fuse.net <hartmanlawfirm@fuse.net>
Sent: Wednesday, December 18, 2019 5:29:40 PM
To: rick dove <rick.dove@sc.ohio.gov>
Cc: allan asbury <allan.asbury@sc.ohio.gov>
Subject: Judical Code / candidate question

Rick -
    Thank you for the quick response to my most recent inquiry.

    I am now in need of clarification on Rule 4.1(A)(5) which
prohibits a judicial candidate from commenting "on any substantive
matter relating to a specific case pending on the docket of any
judge."  What exactly constitutes a "substantive matter" in terms of a
pending case.  As I am currently in private practice, my litigation is
focused in the public interest litigation field.  Thus, most of my
cases involve lawsuit against governments and involve matters
indisputably of public concern.  Because I am representing my clients
on matters of public concern against governmental entities, I am often
asked for comments on the cases by the news media and otherwise.
 Please advise me if, and to what extent, Rule 4.1(A)(5) restricts me
in commenting to the press or otherwise concerning cases in which I am
engaged as a private attorney.  As you can appreciate, in this
context, the issue concerns not only my First Amendment rights, but
also the First Amendment rights of the press.

    And unrelated to case I am actually handling in court, I have also
been interviewed to address or comment upon cases pending in the news,
most notably pending cases before the U.S. Supreme Court.  Please
advise how Rule 4.1(A)(5) is applied in that context, too.
```

12

> As before, it is my desire to be able to fully and robustly exercise my First Amendment rights without the need to self-censor out of an abundance of caution to not violate the Rule.
>
> As before and always, I appreciate you prompt attention to my inquiry.
>
> Sincerely,
> Curt Hartman

56. In response to the direct inquiry from CURT C. HARTMAN, RICHARD DOVE responded:

> **From:** Rick Dove <Rick.Dove@bpc.ohio.gov>   Wed, Dec 18, 2019 05:51 PM
> **Subject:** Re: Judical Code / candidate question
> **To:** Rick Dove <Rick.Dove@bpc.ohio.gov>,
> hartmanlawfirm@fuse.net
> **Cc:** Allan Asbury <Allan.Asbury@bpc.ohio.gov>
>
> Curt,
>
> Comments as an advocate are typically seen as separate from comments as a candidate. There is guidance on this issue in the Hein case listed on our website and in the candidate handbook.

57. However, contrary to the statement by RICHARD DOVE that "[c]omments as an advocate are typically seen as separate from comments as a candidate," the *Hein* case referred to by RICHARD DOVE, specifically rejected such compartmentalization:

> As written, the rules governing judicial campaign conduct do not contain an exception for candidates who happen to hold another public office, and it is beyond our authority as a reviewing commission to infer such an exception. Regardless of the capacity in which the respondent claims to have made the statements cited in Count I of the complaint, we find they were contrary to the rules governing his conduct as a judicial candidate.

*In re Judicial Campaign Complaint Against Hein*, 706 N.E.2d 34, 36 (Ohio 1999).

58. Thus, faced with ambiguous and contradictory guidance from RICHARD DOVE and the Ohio Board of Professional Conduct concerning the scope of Rule 4.1(A)(5), CURT C. HARTMAN has tempered and limited the comments he had made concerning any case pending on the docket of any judge (including the U.S. Supreme Court), including comments to the news media concerning cases in which he is serving as legal counsel and cases in which he is not legal counsel.

59. CURT C. HARTMAN desires to fully and robustly exercise his First Amendment rights, including commenting fully and without inhibition to the news media on specific cases pending on the docket of any judge, but has not done so due to the prohibition in Rule 4.1(A)(5).

60. Regardless of whatever comments CURT C. HARTMAN would make concerning a substantive matter relating to a specific case pending on the docket of any judge, if he should be elected as a judge, CURT C. HARTMAN would always abide by and adhere to the oath of office he would take upon assuming office.

61. Specifically, if he should ultimately run and be elected as a judge, CURT C. HARTMAN would "administer justice without respect to persons" and would "faithfully and impartially []discharge and perform all the duties incumbent on him as [a] judge" and he would do so without regard as comments he made have made concerning any specific case prior to assuming the bench.

62. Regardless of comments he made have made concerning any specific case prior to assuming the bench, CURT C. HARTMAN, if he should ultimately be elected as a judge, would always abide by and adhere to the requirements of the Ohio Code of Judicial Conduct to "perform all duties of judicial office fairly and impartially" and to "perform the duties of judicial office . . . without bias or prejudice."

63. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct infringes and violations the rights protected by the First Amendment, including the freedom of speech and freedom of the press.

64. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct constitutes a content-based regulation of speech that does not satisfy the requirements of strict scrutiny.

65. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct is unconstitutionally vague as it fails to apprize a person of ordinary intelligence the ability to know what is and is not prohibited.

66. Rule 4.1(A)(5) of the Ohio Code of Judicial Conduct is unconstitutionally overbroad by prohibiting speech without regard to the jurisdiction, court, or issue involved and, thus, it prohibits more speech than is necessary to promote or advance any governmental interest being served by Rule 4.1(A)(5).

**WHEREFORE**, Plaintiffs request that this Court:

A. issue a declaratory judgment that the provisions of the Ohio Code of Judicial Conduct at issue herein violate the First and Fourteenth Amendments to the United States Constitution, both facially and/or as applied to the Plaintiffs;

B. issue a temporary restraining order, preliminary injunction and permanent injunction enjoining the Defendants herein, and all those acting under their direction, coordination or authority, from undertaking any enforcement actions of the foregoing provisions of the Ohio Code of Judicial Conduct at issue herein or from finding any violations with respect to the foregoing provisions of the Ohio Code of Judicial Conduct for any conduct undertaken while such an injunction is in place:

C. award Plaintiffs reasonable costs, expenses and attorney fees, pursuant to 42 U.S.C. 1988 or as otherwise authorized by law;

D.   award such other and further relief as this court shall deem just and reasonable.

    Respectfully submitted,

 /s/ Brian C. Shrive
Brian C. Shrive
Christopher P. Finney
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6656
*brian@finneylawfirm.com*
*chris@finneylawfirm.com*
Attorneys for Plaintiff Curt C. Hartman


 /s/ Curt C. Hartman
Curt C. Hartman
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio   45230
(513) 379-2923
*hartmanlawfirm@fuse.net*
Attorney for
Plaintiff Hartman Campaign Committee

16