UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Curt C. Hartman, *et al*.,

    Plaintiffs,

    v.

Maureen O'Connor, *et al*.,

    Defendants.

Case No. 1:20cv163

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 15) and Plaintiffs' Motion for Summary Judgment (Doc. 20). These motions have been fully briefed. (Docs. 23, 28, 29, 30).

## I. BACKGROUND

The facts of this case are undisputed. Plaintiff Curt C. Hartman was an unsuccessful judicial candidate in the November 2020 general election. Hartman was not a sitting judge at any time during his campaign. As part of the campaign, Hartman used a logo with the words "Hartman for Judge." The word "for" was in lower case letters and italicized, and in a different font style as compared to the word "Judge."

Plaintiffs would like to use the same logo in a future election, but insist that the logo is precluded by the current version of Rule 4.3(D) of the Ohio Code of Judicial Conduct, which provides:

> During the course of any campaign for nomination or election to judicial office, a *judicial candidate*, by means of campaign materials, including sample ballots, advertisements on radio or television or in a newspaper or periodical, electronic communications, a public speech, press release, or otherwise, shall not *knowingly* or with reckless disregard do any of the

following:

. . .

(D) Use the term "judge" when the *judicial candidate* is not a judge unless that term appears after or below the name of the *judicial candidate* and is accompanied by either or both of the following:

    (1) The words "elect" or "vote," in *prominent lettering*, before the judicial candidate's name;

    (2) The word "for," in *prominent lettering*, between the name of the judicial candidate and the term "judge;"

Ohio Code Jud. Cond. Rule 4.3(D) (emphasis in original). The Code defines the term "prominent lettering" to mean "not less than the physical size of the largest type used to display the title of office or the court to which the judicial candidate seeks election, irrespective of the point size or font of the largest type." Ohio Code of Jud. Cond. Rule 4.6(N).[1]

In Plaintiffs' logo, the word "for" is a different font style and different case so that it appears smaller than the word "Judge." Rather than simply adjust the size of the word "for" in the logo, Plaintiffs Curt C. Hartman and Hartman Campaign Committee have pursued this lawsuit to challenge the constitutionality of Rule 4.3(D) of the Ohio Code of Judicial Conduct and the accompanying definition of "prominent lettering" found in Rule 4.6(N).[2] Plaintiffs make a number of tangential arguments which the Court will not

---

[1]The earlier version of the rule defined "prominent lettering" to mean "not less than the size of the largest type used to display the title of office or the court to which the judicial candidate seeks election."

[2]Plaintiffs argue that Rules 4.3(D) and 4.6(N) cannot be applied to the Hartman Campaign Committee because it is composed of non-lawyers. This same argument has already been rejected. *See O'Toole v. O'Connor*, 802 F.3d 783, 789-790 (6th Cir. 2015) ("While the concerns raised by a judicial campaign committee's solicitation may be more attenuated than those raised by direct candidate solicitation, the close connection between judicial

address. Instead, the Court will focus on Plaintiffs' two main arguments: (1) the Rules compel the content of core political speech by requiring the use of certain words and the size of those words in comparison to other words, and (2) the Rules are overbroad in their regulation of core political speech.

However, for the reasons stated below, the Court rejects these arguments and pursuant to Federal Rule of Civil Procedure 12(b)(6), GRANTS Defendants Maureen O'Connor, Joseph M. Caligiuri, and Richard A. Dove's Motion to Dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted. Accordingly, it is not necessary to address Plaintiffs' Motion for Summary Judgment, which will be DENIED as MOOT. *Accord O'Toole v. O'Connor*, 733 F. App'x 828, 830, n.2 (6th Cir. 2018) (noting "a distinction without a difference" between a motion for judgment on the pleadings and a motion for summary judgment when "no further factual development is needed") (citing *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 135 S.Ct. 1656, 191 L.Ed.2d 570 (2015) (holding, without the benefit of a factual record, that Florida's rule preventing judicial candidates from personally soliciting campaign contributions did not violate the First Amendment)).

## II. ANALYSIS

"Political speech is at the core of First Amendment protections." *Susan B. Anthony List v. Driehaus*, 814 F.3d 466, 473 (6th Cir. 2016) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346, 115 S. Ct. 1511, 1518, 131 L. Ed. 2d 426 (1995)). The parties agree that to pass constitutional muster, Rules 4.3(D) and 4.6(N) of the Ohio Code of Judicial Conduct must meet the requirements of strict scrutiny. "In

---

candidates and their campaign committees under Ohio law implicates many of the same concerns regarding judicial integrity and propriety.").

order to satisfy strict scrutiny, a regulation must be 'narrowly tailored to serve a compelling interest.'" *O'Toole v. O'Connor*, 802 F.3d 783, 789 (6th Cir. 2015) (citing *Williams-Yulee v. Florida Bar*, 575 U.S. 433, 442 (2015)).

As Defendants point out, the Code of Judicial Conduct itself articulates the compelling interest at issue here: an "independent, impartial, and competent judiciary." Ohio Jud. Cond. Rule pmbl. ¶1. The Code of Judicial Conduct explains: "Inherent in all the rules contained in this code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system." *Id*. The Sixth Circuit has explained that "'the concept of public confidence in judicial integrity does not easily reduce to precise definition, nor does it lend itself to proof by documentary record, but no one doubts that it is genuine and compelling.'" *Platt v. Bd. of Commissioners of Grievances & Discipline of the Ohio Supreme Court*, 894 F.3d 235, 243-44 (6th Cir. 2018) (quoting *Williams-Yulee*, 575 U.S at 447).[3]

With a clear compelling interest, the Court now turns to examine whether Rules 4.3(D) and 4.6(N) of the Ohio Code of Judicial Conduct are narrowly tailored to serve that interest. The Supreme Court has made it clear that "States may regulate judicial elections differently than they regulate political elections, because the role of judges

---

[3]Plaintiffs label this compelling interest as nothing more than the "the talismanic invocation of the generalized concept of ensuring and promoting public confidence in the integrity of the judiciary" and argue that "judicial elections, in and of themselves, serve as the ultimate arbitrator on the public's faith and confidence in the integrity of the judiciary, and the appropriate remedy if a judicial candidate or the campaign committee should publish a false statement of fact." (Doc. 20, PAGEID 111-112). This exact argument has been previously rejected and the Court will not waste time addressing it here. *See O'Toole v. O'Connor*, 260 F. Supp. 3d 901, 906 (S.D. Ohio 2017) ("a state's decision to elect its judges 'does not compel it to compromise public confidence in their integrity.'") (quoting *Williams-Yulee*, 525 U.S. at 457).

differs from the role of politicians." *Williams-Yulee*, 575 U.S. at 446; *see also Winter v. Wolnitzek*, 834 F.3d 681, 693 (6th Cir. 2016) ("However much or however little truth-bending the public has come to expect from candidates for political jobs, '[j]udges are not politicians,' and a 'State's decision to elect its judiciary does not compel it to treat judicial candidates like campaigners for political office.'") (quoting *Williams–Yulee*, 135 S.Ct. at 1662). In addition, the Supreme Court has explained that the First Amendment requires that election regulations "be narrowly tailored, not that it be 'perfectly tailored.'" *Id*. at 454.

Ohio Code of Judicial Conduct Rule 4.3(D) requires the use the words "elect," and/or "vote," before the candidate's name, and/or the word "for" before the word "judge" so that the public is not deceived into thinking that a non-sitting judicial candidate is a sitting judge. The type-size requirement in Rule 4.6(N) ensures that these required words are in "prominent lettering" and do not appear in fine print in campaign materials. As Comment [2] to Rule 4.3 explains:

> The use of the title of a public office or position is reserved for those persons who contemporaneously hold the office by election or appointment. The use of the title by one not entitled by law to the office or position falsely states incumbency and thus is inherently misleading and deceptive. A judicial candidate who uses the title in contravention of this rule is acting in a manner inconsistent with the independence, integrity, and impartiality of the judiciary.

Ohio Code Jud. Cond. Rule 4.3(D), Cmt. [2].[4]

---

[4] Plaintiffs argue that Comment [2] was permanently enjoined by this Court in *O'Toole v. O'Connor*, 260 F. Supp. 3d 901, 913 (S.D. Ohio 2017), *aff'd*, 733 F. App'x 828 (6th Cir. 2018). However, as Defendants point out, in *O'Toole*, this Court was addressing the prior version of Comment [2], which referenced Rule 4.3(C) and is not at issue here. As a result of this Court's ruling, the Ohio Supreme Court amended Rule 4.3 to eliminate the prior version of Comment [2], which meant that the prior Comment [3], became the current Comment [2]. Nevertheless, it is important to note that as part of the Court's analysis in *O'Toole*, this Court found it appropriate

Therefore, the required language in Rule 4.3(D) directly advances Ohio's compelling interest in the integrity of the judiciary because allowing a non-sitting judicial candidate to knowingly and falsely state in their campaign materials that the candidate holds the office of judge would deceive the public. While Plaintiffs try to argue that size does not matter, common sense leads to the conclusion that the "prominent lettering" requirement and its definition in Rule 4.6(N) protects the public from false statements by a non-sitting judicial candidate. If the words in the campaign materials are too small to read, then they become meaningless and create a conscious falsehood. Plaintiffs acknowledge as much, but complain that the same-physical-size standard is "nothing more than an *ad hoc* choice premised upon ease of enforcement." (Doc. 20, PAGEID 124). Plaintiffs also argue that the same-physical-size standard is overbroad because even though the size of his "for" may not meet this standard, it is large enough to still be truthful.[5]

---

to use the comments as a guide to the interpretation of the rules in the Ohio Code of Judicial Conduct. *O'Toole*, 260 F. Supp. 3d at 911.

[5] Plaintiffs insist they are bringing both a facial challenge and an as applied challenge. As to their facial challenge, the Sixth Circuit has explained:

> Under this Circuit's precedent, "[w]here a plaintiff makes a facial challenge under the First Amendment to a statute's constitutionality, the facial challenge is an overbreadth challenge." *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013) (internal quotation marks omitted); *see also City of Houston v. Hill*, 482 U.S. 451, 458, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) ("Only a statute that is substantially overbroad may be invalidated on its face."). To prevail, a plaintiff "must show substantial overbreadth: that the statute prohibits 'a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep[.]' " *Speet*, 726 F.3d at 872 (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010)).

*O'Toole v. O'Connor*, 802 F.3d 783, 789 (6th Cir. 2015). However, "the distinction between facial and as-applied challenges ... goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Citizens United v. FEC*, 558 U.S. 310, 331, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010).

While the size limit in Rule 4.6(N) "may appear arbitrary, it is exactly this type of line-drawing that the Supreme Court sought to avoid 'wad[ing] into' in explaining that narrow tailoring does not mean 'perfect' tailoring. *O'Toole v. O'Connor*, 802 F.3d 783, 791 (6th Cir. 2015) (quoting *Williams–Yulee*, 135 S.Ct. at 1671). As the Sixth Circuit has explained:

> "[M]ost problems arise in greater and lesser gradations, and the First Amendment does not confine a State to addressing evils in their most acute form." [*Williams–Yulee*, 135 S.Ct. at 1671]; *see also Wagner v. Fed. Election Comm'n*, 793 F.3d 1, 26 (D.C.Cir. 2015) ("We do not discount the possibility that Congress could have narrowed its aim even further, targeting only certain specific kinds of [behavior] or doing so only during specific periods. But as the Court has made clear, 'most problems arise in greater and lesser gradations, and the First Amendment does not confine a State to addressing evils in their most acute form.'" (quoting *Williams–Yulee*, 135 S.Ct. at 1671)).

*Id*. Accordingly, even though the same-physical-size standard may not be "perfect," it is not overbroad. *See Williams–Yulee*, 135 S.Ct. at 1671 ("The impossibility of perfect tailoring is especially apparent when the State's compelling interest is as intangible as public confidence in the integrity of the judiciary."). Along those same lines, the requirements in Rules 4.3(D) and 4.6(N) of the Ohio Code of Judicial Conduct are not unconstitutional as applied to Plaintiffs. *Cf. Winter v. Wolnitzek*, 834 F.3d 681, 693 (6th Cir. 2016) (sustaining as-applied challenge where "re-elect" statement could be applied truthfully to judicial candidate who was appointed to her current judicial position by the governor). Hartman is not a sitting judge, and therefore any statements to the contrary would be false. Therefore, the Court concludes that Rules 4.3(D) and 4.6(N) of the Ohio Code of Judicial Conduct do not violate the First Amendment.

### III. **CONCLUSION**

Based on the on the foregoing, Defendants' Motion to Dismiss (Doc. 15) is

7

**GRANTED** and Plaintiffs' Motion for Summary Judgment (Doc. 20) is **DENIED as MOOT**. Plaintiffs' Complaint is **DISMISSED with PREJUDICE**; and this matter is **CLOSED** on the active docket of this Court.

    **IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          JUDGE MICHAEL R. BARRETT